NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANNA MAE BOLGE, | |
| Plaintiff, | Civil Action No. 12-8766 (JAP) |
| v. | **OPINION** |
| WAL-MART STORES, INC., et al., | |
| Defendants. | |

PISANO, District Judge

Presently before the Court are Defendants, Wal-Mart Stores, Inc., Wal-Mart Stores East LP, and Wal-Mart Real Estate Business Trust (collectively "Defendant" or "Wal-Mart"), motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 [docket #24]. Plaintiff, Anna Mae Bolge ("Plaintiff") opposes this motion [docket #27]. The Court considered the papers filed by the parties as well as oral argument on January 7, 2015. For the reasons that follow, this Court GRANTS Defendant's motion for summary judgment [docket #24].

**I.     BACKGROUND**

This dispute arises out of an incident that occurred in a Wal-Mart parking lot in Levittown, Pennsylvania. See Defendant's Statement of Undisputed Material Facts ("Defendant's SUMF"), at ¶ 1. Plaintiff, who was born on November 11, 1927, and is 87 years old, was struck by a wind-blown shopping cart in the parking lot of Wal-Mart. Defendant's SUMF at ¶ 1. A security camera captured the incident on video. In particular, the video depicts a customer with a shopping cart arriving at a mini-van, parked in a handicapped spot located in Row 6. Defendant's SUMF at ¶ 3. The customer then leaves the shopping cart unattended, enters the passenger side of the vehicle,

1

and the mini-van pulls out of the handicapped parking spot. Defendant's SUMF at ¶ 3. After the customer enters the vehicle, a Wal-Mart cart pusher enters the video on the right hand side. 19 seconds after the mini-van pulls out of the parking spot (and 45 seconds from when the cart had been left unattended), the shopping cart begins to move. Defendant's SUMF at ¶ 3. 8 seconds after the cart begins to move, it strikes Plaintiff knocking her to the ground. Defendant's SUMF at ¶ 3. Thus, in total, 53 seconds elapsed from when the shopping cart was left unattended until it struck Plaintiff. On December 27, 2012, Plaintiff filed the instant suit against Wal-Mart, alleging that Wal-Mart was negligent and that it violated the Americans with Disabilities Act ("ADA").[1]

## II. DISCUSSION

### a. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case. Fed.R.Civ.P. 56(c)(1) (B); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Facts that could affect the outcome are 'material facts,' and a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New*

---

[1] It should be noted that Plaintiff's Complaint does not contain a cause of action pursuant to the ADA; however, Plaintiff contends that Wal-Mart's alleged violation of the ADA serves as evidence of its negligence. Stated differently, Plaintiff appears to be utilizing the well-recognized principle in New Jersey that "[a] statute which establishes a standard of conduct may be considered as evidence of negligence on behalf of one for whose benefit it was enacted if its breach was the efficient cause of the injury of which he complains." *Ellis v. Caprice*, 96 N.J. Super. 539, 553, 233 A.2d 654, 661-62 (App. Div. 1967).

*Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp.*, 477 U.S. at 322-23)).

    **b.**    **Analysis**

In order to establish a *prima facie* case of negligence under New Jersey[2] law, a plaintiff must prove: 1) the defendant owed a duty of care to the plaintiff; 2) the defendant breached that duty of care; and 3) the defendant's breach of that duty was the proximate cause of an injury to plaintiff. *Weinberg v. Dinger*, 106 N.J. 469, 484, 524 A.2d 366, 373 (1987). Stated differently, "[t]o render [a defendant] liable there must be found a breach of a duty, which duty, if observed, would have averted the plaintiff's injuries." *Fortugno Realty Co. v. Schiavone-Bonomo Corp.*, 39 N.J. 382, 393, 189 A.2d 7, 13 (1963) (citing *Brody v. Albert Lifson & Sons*, 17 N.J. 383, 389, 111 A.2d 504 (1955); *Mazzilli v. Selger*, 13 N.J. 296, 301, 99 A.2d 417 (1953)).

Further, one who owns or operates a business establishment, which is open to the public for business purposes, has a duty to exercise reasonable care for the safety of its customer. See *Bohn v. Hudson & Manhattan RR Co.*, 16 N.J. 180 (1954). That duty includes the duty to exercise reasonable care to ensure that the premises are in reasonably safe conditions for use by the customers. New Jersey case law makes clear that, in order to find that the premises were not in a reasonably safe condition for use by the customers such that a plaintiff can recover, that plaintiff must show either: (1) the owner/occupier knew of the unsafe condition for a period of time prior to the plaintiff's injury sufficient to permit correction of it; or (2) the condition had existed for a sufficient length of time prior to plaintiff's injury that, in the exercise of reasonable care, the

---

[2] Defendant provides a choice of law analysis in its moving brief; however, Plaintiff apparently does not contest the applicability of New Jersey law because her brief relies upon New Jersey cases. Therefore, New Jersey law provides the binding authority for this Court's analysis of the instant motion. *Caldwell Trucking PRP Grp. v. Spaulding Composites, Co.*, 890 F. Supp. 1247, 1257 (D.N.J. 1995).

owner/occupier should have known of its existence and corrected it. *Tua v. Modern Homes, Inc.*, 64 N.J. Super. 211 (App. Div. 1960).  In other words, in order to be found liable, the owner/occupier must have had either actual notice of the alleged unsafe condition, or constructive notice sufficient to correct the unsafe condition.

Here, Plaintiff's theory surrounding the ADA is inapposite.  As stated above, Plaintiff does not plead a cause of action in her complaint under the ADA; however, Plaintiff raises several arguments in her opposition brief alleging that Wal-Mart violated the ADA by not having a cart corral near the handicapped parking space.  While it is unclear whether Plaintiff is attempting to assert a cause of action pursuant to the ADA by way of her brief, or whether Plaintiff is merely relying on an alleged violation of the ADA to serve as evidence of negligence, both theories fail as a matter of law.  Indeed, Title II of the ADA, 42 U.S.C. §§ 12131-12165 provides that "'no qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.'" *Jenkins v. Glover*, No. CIV. 09-2145FSH, 2009 WL 2391278, at *5 (D.N.J. July 31, 2009) (citing 42 U.S.C. § 12132).  Thus, a necessary element under an ADA claim is that the plaintiff is a qualified individual with a disability. *Id*. There is no dispute of fact that Ms. Bolge does not suffer from a disability and therefore, any ADA claim must fail as a matter of law.

Further, Plaintiff cannot use the ADA as evidence of Wal-Mart's alleged negligence. "Where a statute establishes a certain standard of conduct, one of the class for whose benefit the statute was enacted obtains its benefit in an action in negligence, if the breach of the statute was the efficient cause of the injury of which he complains." *Lambe v. Reardon*, 69 N.J. Super. 57, 68, 173 A.2d 520, 526 (App. Div. 1961).  Here, the ADA was enacted for the benefit of qualified

disabled individuals. Ms. Bolge cannot obtain the ADA's benefit in a negligence action, when the ADA is not applicable to her in the first place. As such, even assuming Defendant violated the ADA, the Court will not utilize that as evidence of Wal-Mart's alleged negligence because Ms. Bolge is not of the class for whose benefit the statute was enacted.

Plaintiff also maintains that Defendant was negligent and breached its duty of care by allegedly failing to follow its inclement weather plan and having only one cart pusher outside on the day Plaintiff was injured. Specifically, Plaintiff contends that the setup of the parking lot led to the creation of a dangerous condition that proximately caused the incident because, by not having a cart corral near the handicapped parking space, the disabled parkers are required to leave carts in the area surrounding the parking space, which permits carts to be blown by the wind and injure patrons such as Ms. Bolge. Both of these arguments must fail and are insufficient to overcome summary judgment, as they are based on speculation which cannot create a genuine issue of material fact. *Brown ex rel. Estate of Brown v. Philip Morris Inc.*, 228 F. Supp. 2d 506, 514 (D.N.J. 2002) ("Speculation is insufficient to raise genuine issues of material fact.") (citing *Sterling Nat'l Mortgage Co. v. Mortgage Corner, Inc.,* 97 F.3d 39, 44 (3d Cir.1996) (stating that "[m]ere speculation about the possibility of the existence of such facts" does not raise triable issue to defeat motion for summary judgment); *Dunkin' Donuts Inc. v. Patel,* 174 F.Supp.2d 202, 212 (D.N.J.2001) ("Genuine issues of material fact cannot be raised by speculation and conclusory allegations."); *Sebro Packaging Corp. v. Liberty Mut. Fire Ins. Co.,* 69 F.Supp.2d 642, 643 (D.N.J.1999) ("Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact.")).

First, Plaintiff's argument surrounding Wal-Mart's alleged failure to follow the inclement weather plan is speculative as it assumes that following the inclement weather plan would have

avoided Plaintiff's injury. As an initial matter, regardless of whether the inclement weather plan was followed, Wal-Mart had a cart pusher in the vicinity when Plaintiff was injured. Indeed, the surveillance video reveals a cart pusher present during the time of the incident, and as previously discussed, the cart was only unattended for 53 seconds. Plaintiff's argument presumes that, if Wal-Mart followed the inclement weather plan, a cart pusher would have been there at the exact second of Plaintiff's injury. This is pure speculation and cannot serve as the basis for creating a genuine issue of material fact.

Second, Plaintiff's argument that Ms. Bolge would not have been injured had Wal-Mart placed a cart corral near the handicapped parking spot is also conjecture. Plaintiff assumes that disabled individuals are more likely to leave a cart in their parking spot, rather than walk to the nearest cart corral, unless there is a corral immediately adjacent to the handicapped parking spot. As an initial matter, there are plenty of people who leave carts in their parking spaces, whether or not they are near a cart corral or are handicapped. Assuming that a cart corral near a specified parking spot would prevent carts from being left unattended is not only speculative, but is unrealistic. Further, the surveillance video reveals that the customer who left the shopping cart in the vicinity of Plaintiff was in fact that passenger of the handicap-marked vehicle, not the driver. Therefore, it is speculation on Plaintiff's part to assume that this individual was handicapped and could not have delivered the cart to the nearest corral.

Moreover, as stated above, in order to find premises liability in New Jersey, Plaintiff must show that Wal-Mart knew of the unsafe condition for a period of time prior to the Plaintiff's injury sufficient to permit correction of it; or the condition had existed for a sufficient length of time prior to Plaintiff's injury that, in the exercise of reasonable care, Wal-Mart should have known of its existence and corrected it. *Tua*, 64 N.J. Super. 211. Plaintiff attempts to satisfy this standard by

arguing that Defendant had notice of the weather that day, and because it allegedly failed to follow its inclement weather plan, Wal-Mart failed to exercise reasonable care. However, Plaintiff also spends time arguing in her brief that the unattended cart was in fact the dangerous condition. Therefore, in order to establish premises liability, Plaintiff must show that Wal-Mart knew or should have known of the *unattended cart* for a period of time prior to the Plaintiff's injury sufficient to permit correction of it. As stated above, there is no dispute of fact that only 53 seconds elapsed from the time the cart was left unattended until it struck Ms. Bolge, and only 19 seconds from the time the mini-van pulled out of the handicapped parking spot such that a cart pusher would have been able to retrieve it. Certainly, this cannot be deemed sufficient time to give Wal-Mart notice of the alleged dangerous condition. Stated differently, no reasonable jury would find that Wal-Mart should have known of the unattended cart or that it could have been corrected within 19 seconds and prevented Plaintiff's injury. Accordingly, Plaintiff has failed to set forth sufficient facts showing that a genuine issue exists as to whether Wal-Mart breached its duty of care.

### III. CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's motion for summary judgment [docket #24]. An appropriate Order accompanies this Opinion.

Date: January 29, 2015                                   /s/ Joel A. Pisano
                                                                                      JOEL A. PISANO
                                                                                      United States District Judge